**Tommasa VILARDI, Plaintiff–
Appellant,**

v.

**Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.\***

No. 10–5097–cv.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2012.

Tommasa Vilardi, pro se, Ridgewood,
NY.

Varuni Nelson and Kathleen A. Maho-
ney, for Loretta E. Lynch, United States
Attorney, Eastern District of New York,
Brooklyn, NY, for Appellee.

PRESENT: DENNIS JACOBS, Chief
Judge, PIERRE N. LEVAL, DEBRA
ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Tommasa Vilardi, *pro se,* challenges (a)
the grant, under Federal Rule of Civil
Procedure 12(c), of a motion by the Com-
missioner of Social Security ("Commission-
er") to dismiss Vilardi's action seeking ju-
dicial review of a final decision of the
Commissioner, and (b) the denial of Vilar-
di's Rule 12(c) cross-motion. We assume
the parties' familiarity with the underlying
facts, procedural history of the case, and
issues on appeal.

"We review *de novo* a district court's
decision to grant a motion for judgment on
the pleadings pursuant to Federal Rule of
Civil Procedure 12(c)." *Hayden v. Pater-
son,* 594 F.3d 150, 160 (2d Cir.2010). "In
reviewing a district court's decision up-
holding a decision of the Commissioner, we
'review the administrative record *de novo*
to determine whether there is substantial
evidence supporting the Commissioner's
decision and whether the Commissioner
applied the correct legal standard.'" *Za-
bala v. Astrue,* 595 F.3d 402, 408 (2d Cir.
2010) (quoting *Machadio v. Apfel,* 276 F.3d
103, 108 (2d Cir.2002)); *see also* 42 U.S.C.
§ 405(g) (providing that, if there is sub-
stantial evidence in the record to support
the Commissioner's findings, such findings
are "conclusive"); *Moran v. Astrue,* 569
F.3d 108, 112 (2d Cir.2009) ("Substantial
evidence means more than a mere scintilla.
It means such relevant evidence as a rea-
sonable mind might accept as adequate to
support a conclusion." (citation and inter-

---

\* The Clerk of Court is respectfully directed to     amend the caption to conform to this order.

nal quotation marks omitted)). "We therefore focus our attention on the administrative ruling rather than on the decision of the district court." *Pratts v. Chater,* 94 F.3d 34, 37 (2d Cir.1996). However, "[i]t is not our function to determine *de novo* whether [a claimant] is disabled." *Id.*

Ultimately, the determination of whether a claimant is disabled is "reserved to the Commissioner." 20 C.F.R. § 404.1527(e). "While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record." *Veino v. Barnhart,* 312 F.3d 578, 588 (2d Cir.2002) (citations omitted). Likewise, a claimant's subjective report of her symptoms is not controlling but must be supported by medical evidence. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529.

The administrative law judge ("ALJ") found that Vilardi was not disabled because, despite her alleged impairments, she retained the residual functional capacity to perform her past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ cogently set forth his reasons for and the substantial evidence relied upon in discounting both Vilardi's treating physician's opinion and her alleged symptoms. On appeal, Vilardi primarily relies on a November 2007 doctor's report and MRI. Vilardi's reliance on evidence demonstrating a worsening of her condition after that date is of little value, because she was required to demonstrate that she was disabled as of March 31, 2007, the date on which she was last insured. *See* 42 U.S.C. § 423(a)(1)(A); *Arnone v. Bowen,* 882 F.2d 34, 38 (2d Cir.1989). Consequently, her reliance on evidence demonstrating a worsening of her condition after that date is of little value.

Vilardi points to a 1993 MRI and 2001 CT-scan, but both results pre-dated the alleged January 1, 2002 onset date of her disability. Moreover, she identifies no material errors in the ALJ's factual findings that are relevant to the alleged medical conditions she raises on appeal.[2] In deciding whether substantial evidence exists, the Court must defer to the Commissioner's resolution of conflicting evidence. *See Clark v. Comm'r of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir.1998). So even assuming that Vilardi's conditions have arguable support in the record, the ALJ's decision-to accord more weight to substantial evidence that conflicted with Vilardi's treating physician's opinion and her alleged symptoms-cannot be disturbed.

As to Vilardi's request for oral argument, argument is unnecessary to dispose of this appeal. *See* Fed. R.App. P. 34(a)(2).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and Appellant's request for oral argument is **DENIED.**

---

2. In her appellate brief, Vilardi does not raise any issue with regards to the ALJ's findings concerning her chest pains, foot surgery, and toxoplasmosis. Accordingly, such issues are deemed waived. *See LoSacco v. City of Middletown,* 71 F.3d 88, 93 (2d Cir.1995).